## Mary Greider, Appellee, v. Chicago & Eastern Illinois Railway Company, Appellant.

INFANCY—*when minor without power to assign wages.* In the absence of emancipation, a minor has no power to assign his wages.

Assumpsit. Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

DAVID C. HARRINGTON and KAGY & VANDERVORT, for appellant; E. H. SENEFF, of counsel.

T. E. MERRITT, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Ralph Greider, son of Mary Greider, appellee, was employed by the appellant railroad company in March, 1906. At that time he was a minor and would not have reached his majority until the following September. About the time that Ralph began work for the appellant he contracted with the International Text Book Company of Scranton, Pa., for a scholarship in the International Correspondence School, and agreed to pay for tuition and supplies the sum of $54.40, in monthly payments of five dollars each, and to effect compliance with contract signed a written order upon his employer, the appellant, to make the said monthly payments from his monthly earnings. He worked for appellant about two months, for which he was paid all, except $29.55, of his earnings or wages, for which this suit was brought by his mother, the appellee. Pursuant to the order mentioned, the appellant paid $20 to the International Text Book Company and deducted the same from Ralph's wages, tendering him $9.55 as the balance due. Appellee brought suit in

the justice court and recovered judgment, from which the defendant appealed to the Circuit Court, where the case was tried by the court without a jury and judgment for plaintiff for $29.55 was rendered, from which the defendant appealed.

The evidence supports the finding that Ralph Greider was a minor during the time of his employment by appellant, and when he attempted to make the contract with the International Text Book Company. There was evidence tending to prove emancipation, but, on the other hand, there is evidence from which it may reasonably be said that he had not been emancipated, and as an issue of fact the finding of the trial court is conclusive.

Under the law it is therefore established that no contract was or could be made with Ralph Greider that would bar the appellee, his mother, in her right to his wages.

We find no error in the court's refusal of any proposition of law that could affect the finding in this case, had the court held differently. The judgment will therefore be affirmed.

*Affirmed.*